IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN M. HUCKEBA, #1222324,    § | |
|     Petitioner,    § | |
| § | |
| v.    § | No.3:05-CV-0437-G |
| § | |
| GREENVILLE POLICE DEPARTMENT,    § | |
|     Respondent.    § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case**: This is a civil action brought by a state inmate.

Parties: Petitioner is presently confined at the Huntsville Unit of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") in Huntsville , Texas. Respondent is the police department of Greenville, Texas. The Court has not issued process in this case.  However, on March 24, 2005, the court issued a questionnaire to Petitioner to which he responded on April 18, 2005.

**Statement of Case**: Petitioner seeks to an order requiring the police department of Greenville, Texas to furnish him documentation pertaining to an automobile accident that occurred in approximately 1998. The court liberally construes Petitioner's request as a petition for writ of mandamus.

**Findings and Conclusions**: The magistrate judge has permitted Petitioner to proceed *in forma*

1

*pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint ... if the complaint ... fails to state a claim upon which relief may be granted....
> 28 U.S.C. § 1915A(a) and (b)(1) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2).

Both sections 1915A(b) and 1915(e)(2)(B) provide for sua sponte dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).

In his questionnaire, Petitioner requests documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a) *et seq.* and the Texas Open Records Act, Tex. Gov't Code § 552.001-.353. However, the FOIA applies only to "records" maintained by "agencies" within the executive branch of the federal government. *See* 5 U.S.C. § 552. Further, since the Texas Open Records Act neither implicates provisions of the United States Constitution nor federal statutes, this court is without jurisdiction over any claim brought pursuant to Tex. Gov't Code § 552.001-.353. The Texas Open Records Act contains a provision allowing state agencies to refuse requests from prisoners, *see* Texas Gov't Code § 552.028, *see also Wright v. Curry*, 122 Fed.Appx. 724, 725 (5th Cir. Dec. 17, 2004), *Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex.App.- Waco 1998), *cert. denied* 527 U.S. 1009, 119 S.Ct. 2348 (1999), and indeed Petitioner admits that Respondent is not required under the act to furnish the records to him. (Magistrate J.'s Questionnaire to Pl. at 2). Therefore Petitioner's complaint is frivolous on its face.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that Petitioner's pleadings, construed as a petition for writ of mandamus, be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Petitioner.

Signed this 24th day of June, 2005.

*Wm. F. Sanderson, Jr.*
_____
Wm. F. Sanderson, Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.